[No. 357. Decided May 12, 1892.]

C. T. LIKENS, *Administrator of the estate of Max J. Rostel, Deceased, Appellant,* v. JAMES CAIN, *Respondent.*

APPEAL—STATEMENT OF FACTS—DEPOSITIONS BEFORE REFEREE.

Under the appeal act of 1890, depositions taken by a referee in an equity case will not be considered by the supreme court, unless settled by a statement of facts and certified by the court or judge trying the cause.

*Appeal from Superior Court, Whatcom County.*

The facts are stated in the opinion.

*Fairchild & Rawson,* and *Harris, Black & Leaming,* for appellant.

*Ward & Mead,* and *Burke, Shepard & Woods,* for respondent.

The opinion of the court was delivered by

STILES, J.—This was an action for specific performance of a contract to convey real estate. There is no statement

of facts or bill of exceptions containing the testimony. A motion is made to strike from the transcript what purports to be testimony in the form of depositions taken before a referee. Among the other papers certified by the clerk is a stipulation made between counsel to the effect that "this cause be referred to A. H. Morrison to settle the issues and take the evidence." An order was subsequently made in conformance to the terms of the stipulation. The referee did not pretend to try the case, but took certain depositions which we suppose were probably afterward filed with the clerk. At any rate, although there is no file mark upon them, they seem to have been in the clerk's hands. They are merely certified as depositions by the referee, who signed himself "Notary Public." It will thus be seen that the statements purporting to be those of witnesses in these depositions, had no official verity or authority attached to them, and, were it not for the remark made in the decree entered in the case, there would be no means of ascertaining whether they had ever been considered by the court or not. The recital in the decree is, that the cause came on to be heard upon the pleadings, "together with stipulations of record and the evidence taken before the referee, A. H. Morrison, Esq., and the court having heard and considered all the evidence and the arguments of the counsel, doth allow and permit the defendant's amended answer to plaintiff's complaint to be filed, and to be of the same force and effect as though filed prior to the reading of the testimony and the arguments of counsel," etc. It thus appears probable that the court considered testimony taken in the form of depositions by the referee, but that he did not have other depositions than those transmitted here before him, it is nowhere made to appear.

Counsel argued forcibly that inasmuch as these depositions are on file in the case, they are a part of the record and should not be stricken therefrom. Whatever may

have been the *status* of depositions taken when §§ 451 and 464 of the Code of 1881 were in force, it is entirely altered since the appeal acts of 1890, 1891, the former of which governs this case. Under these acts, in an equity case, the only way to preserve testimony for the consideration of this court is by the settling of a statement and its certification by the court or judge trying the cause. In this instance we have no certain information that these particular depositions ever were considered by the court, and especially that there may not have been a large volume of additional testimony in the case which has not been sent up.

The motion will, therefore, be granted, and this being an equity cause, the judgment will be affirmed.

ANDERS, C. J., and HOYT and SCOTT, JJ., concur.

DUNBAR, J., not sitting.